NO. 07-07-0025-CR

IN THE COURT OF APPEALS

FOR THE SEVENTH DISTRICT OF TEXAS

AT AMARILLO

PANEL B

APRIL 15, 2008
_____

DONNY KEVIN DAVIS,

Appellant

v.

THE STATE OF TEXAS,

Appellee
_____

FROM THE 108TH DISTRICT COURT OF POTTER COUNTY;

NO. 53,837-E; HON. ABE LOPEZ, PRESIDING
_____

*Memorandum Opinion After Abatement*
_____

Before QUINN, C.J., and CAMPBELL and HANCOCK, JJ.

Per our former opinion, we remanded this cause to the trial court with directions that it convene a hearing upon the motion for new trial filed by Donny Kevin Davis. At that time, the trial court was to determine whether Davis received ineffective assistance of counsel because his trial attorney did not request or object to the omission of an accomplice witness instruction. After concluding that trial counsel's "omission did not constitute

deficient performance" and appellant "was not prejudiced by the omission," the trial court denied the motion. Finding no error in that decision, we affirm the final judgment.

Assuming *arguendo* that the failure to request an accomplice witness instruction constitutes defective performance, *see Henson v. State*, 915 S.W.2d 186, 197 (Tex. App.–Corpus Christi 1996, no pet.) (so holding), the evidence unrelated to the accomplice's testimony sufficed to connect appellant to the crime charged. So too did it, by itself, provide sufficient basis upon which a jury could rationally conclude, beyond reasonable doubt, that appellant committed the burglary. Indeed, we concluded as much in our prior opinion, *see Davis v. State,* No. 07-07-0025-CR, 2008 Tex. App. LEXIS 53 (Tex. App.– Amarillo January 4, 2008, no pet. h.), as did the trial court in its findings of fact and conclusions of law. Given this, we now hold that there was not a reasonable probability that the outcome would have differed had the omission not occurred; consequently, the trial court did not err in denying a new trial. *See Henson v. State*, 915 S.W.2d at 197 (holding that if there is a reasonable possibility that a rational jury would convict the defendant without the accomplice witness testimony, then trial counsel's omission is not reversible error); *accord Cunningham v. State*, No. 06-05-0215-CR, 2006 Tex. App. LEXIS 8206 at *6 (Tex. App.–Texarkana, September 19, 2006, pet. ref'd) (concluding similarly).

By this opinion, we have resolved all issues pending in this appeal and affirm the judgment of the trial court.

Brian Quinn
Chief Justice

Do not publish.

2